JERRY KAPLAN, ESQ./SBN 49142
DAVID SCOTT KADIN, ESQ./SBN 90586
KAPLAN, KENEGOS & KADIN
9150 Wilshire Boulevard, Suite 175
Beverly Hills, CA 90212
Telephone: (310)859-7700
Facsimile: (310)859-7773

Attorneys for Defendant BEHZAD KHAVARANI

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br>NAMCO CAPITAL GROUP, INC., a California corporation,<br><br>　　　　　Debtor,<br>_____<br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE,<br>　　　　　Plaintiff,<br>vs.<br>BEHZAD KHAVARANI, an individual,<br>　　　　　Defendant. | CASE NO.: 2:08-bk-32333-BR<br>[Chapter 11]<br><br>Chapter 11 Bankruptcy Filed on November 23, 2010<br><br><br><br>Adv. No. 2:10-ap-03289-BR<br><br>**ANSWER TO COMPLAINT**<br><br>Complaint filed: 12/09/10 |

　　Defendant BEHZAD KHAVARANI only for himself submits the following response to Plaintiff BRADLEY D. SHARP, Chapter 11 Trustee's Complaint.

### JURISDICTION

　　1. Defendant admits Paragraph 1 but denies that Plaintiff is entitled to the relief sought.

　　2. Answering Paragraph 2, Defendant admits that Plaintiff

---
**ANSWER TO COMPLAINT**

1  makes such allegations, but deny that Plaintiff is entitled to
2  the relief sought.
3     3.  Answering Paragraph 2, Defendant admits that Plaintiff
4  makes such allegations, but deny that Plaintiff is entitled to
5  the relief sought.
6     4.  Plaintiff admits Paragraph 4.
7     5.  Plaintiff admits Paragraph 5.
8     6.  Plaintiff admits Paragraph 6.
9     7.  Plaintiff admits Paragraph 7.
10    8.  Plaintiff admits Paragraph 8.
11    9.  Plaintiff admits Paragraph 9.
12    10. Answering Paragraph 10, Defendant admits that Debtor
13 borrowed money from Defendant, and denies the remaining
14 allegations because of lack of sufficient information or belief.
15    11. Plaintiff denies Paragraph 11 because of lack of
16 sufficient information or belief.
17    12. Answering Paragraph 12, Defendant admits that he
18 received $15,000.00 from Debtor in or about October 2008 but
19 denies the remaining allegations of Paragraph 12.
20    13. Answering Paragraph 13, Plaintiff incorporates his
21 responses to Paragraphs 1 - 13.
22    14. Defendant denies Paragraph 14.
23    15. Defendant denies Paragraph 15.
24    16. Answering Paragraph 16, Defendant admits that he
25 received monies owing by the Debtor prior to the date that he
26 received the $15,000.00, but the monies paid were for interest
27 that was owed and was paid in the ordinary course of business.
28

2

**ANSWER TO COMPLAINT**

17. Defendant denies Paragraph 17 because of lack of sufficient information or belief.

18. Defendant denies Paragraph 18 because of lack of sufficient information or belief.

19. Defendant denies Paragraph 19.

20. Defendant denies Paragraph 20, specifically denying that Plaintiff is entitled to any amount.

21. Answering Paragraph 21, Plaintiff incorporates his responses to Paragraphs 1 - 20.

22. Defendant denies Paragraph 22.

23. Defendant denies Paragraph 23 because of lack of sufficient information or belief.

24. Defendant denies Paragraph 24, specifically denying that Plaintiff is entitled to the relief requested.

25. Defendant denies Paragraph 25, specifically denying that Plaintiff is entitled to any amount.

26. Answering Paragraph 26, Plaintiff incorporates his responses to Paragraphs 1 - 25.

27. Defendant denies Paragraph 27.

28. Answering Paragraph 28, Defendant admits he has not paid monies, but denies the remaining allegations of the paragraph.

29. Defendant denies Paragraph 29.

30. Defendant denies Paragraph 30.

### FIRST AFFIRMATIVE DEFENSE

31. Plaintiff fails to state sufficient facts to constitute any cause of action against this answering Defendant.

3

**ANSWER TO COMPLAINT**

## SECOND AFFIRMATIVE DEFENSE

32. Defendant received monies in the ordinary course of business.

## THIRD AFFIRMATIVE DEFENSE

33. The monies received by Defendant were for interest that was due in the ordinary course of business.

## FOURTH AFFIRMATIVE DEFENSE

34. Defendant is entitled to an offset.

## FIFTH AFFIRMATIVE DEFENSE

35. The action is barred by laches in that Plaintiff waited an unreasonably long time to Defendant's prejudice.

WHEREFORE, Defendant requests the following judgment:

1. That Plaintiff take nothing by its action;
2. For costs of suit; and
3. For all other proper relief.


Dated: February 1, 2011          KAPLAN, KENEGOS & KADIN

                                 By:/S/ Jerry Kaplan
                                    JERRY KAPLAN
                                    DAVID SCOTT KADIN
                                    Attorneys for Defendant
                                    BEHZAD KHAVARANI

4

ANSWER TO COMPLAINT

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9150 Wilshire Boulevard, Suite 175, Beverly Hills, CA 90212

A true and correct copy of the foregoing document described as ANSWER TO COMPLAINT

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 2/2/11, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Steven T. Gubner    (BY U.S. MAIL)
Robyn B. Sokol
Lesley B. Davis
EZRA BRUTZKUS GUBNER LLP, 21650 Oxnard St., Suite 500, Woodland Hills, CA 91367

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 2/2/11 | Yvette Nisbet | /s/Yvette Nisbet |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                    F 9013-3.1.PROOF.SERVICE